UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUTRITION DISTRIBUTION, LLC, an Arizona limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ENHANCED ATHLETE, INC., a Wyoming corporation,<br><br>Defendant. | No. 2:17-cv-01491-TLN-KJN<br><br>**ORDER DENYING *EX PARTE* APPLICATION FOR EXPEDITED DISCOVERY** |

This matter is before the Court on Defendant Enhanced Athlete Inc.'s ("Defendant") *Ex Parte* Application for Expedited Discovery to respond to Plaintiff Nutrition Distribution, LLC's ("Plaintiff") Motion for Injunctive Relief and Sanctions. (ECF No. 9.) Plaintiff opposes the request. (ECF No. 11.)

In its motion for injunctive relief and sanctions, Plaintiff asserts Defendant invited its customers to make threatening and harassing phone calls to the law firm and attorney representing it in this case. (*See* ECF No. 8.) Plaintiff submitted emails and telephone calls from individuals to the Court in connection with its motion. (*See* ECF Nos. 8-2–8-14.) Defendants contend that all of the evidence of harassing communications is uniquely in Plaintiff's possession and seeks discovery of all such communications. (ECF No. 9 at 7.) Defendants also seek to depose Plaintiff's attorney, Robert Tauler, to discuss the communications received and any events

1

that could have occurred, but did not. (ECF No. 9 at 11.) Finally, Defendants seek to depose a Rule 30(b)(6) witness of Tauler Smith LLP. (ECF No. 9 at 11.) Plaintiff asserts it submitted all the communications Defendant seeks to the Court as exhibits to its motion. (ECF No. 11 at 3–4.) Plaintiff further contends Defendant has not demonstrated good cause to depose Plaintiff's attorney or members of his firm.

As to Defendants request for discovery of communications, Plaintiff submitted a declaration of Plaintiff's Attorney Robert Tauler. Under penalty of perjury, Tauler declared that he "submitted all evidence in [his] possession in the Motion for Sanctions filing." (ECF No. 11-1 ¶ 4.) The Court has no reason to believe that Tauler has perjured himself. Accordingly, Defendant fails to demonstrate good cause for expedited discovery of all communications as Defendant has access to them on the docket.

As to Defendant's request to depose Robert Tauler and a Rule 30(b)(6) witness of Tauler Smith LLP, Defendant has failed to meet the standard to depose a party's attorney. Depositions of opposing counsel shall be limited to a showing that: (1) no other means exists to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case. *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986). Defendant seeks to depose Tauler on "the communications and asserted disruption to Tauler Smith." (ECF No. 9 at 11.) As Robert Tauler's declaration states, Tauler Smith submitted all communications to the Court on the docket. Accordingly, there is another means by which Defendant may gain and in fact has already gained the necessary information.

For the above stated reasons, Defendants have failed to demonstrate good cause exists for expedited discovery. Accordingly, Defendant's *Ex Parte* Application (ECF No. 9) is hereby DENIED.

IT IS SO ORDERED.

Dated: October 10, 2017

Troy L. Nunley
United States District Judge

2