UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUTRITION DISTRIBUTION, LLC, | No. 2:17-cv-01491-TLN-KJN |
| Plaintiff, | |
| v. | ORDER |
| ENHANCED ATHLETE, Inc., et al., | |
| Defendants. | |

I. INTRODUCTION

Presently pending before the court is plaintiff's motion to compel the deposition of Anthony Hughes (ECF No. 36); parties' requests for sanctions (ECF No. 42); defendants' evidentiary objections (ECF No. 45); and plaintiff's motion to strike (ECF No. 50).[1] These matters came on regularly for hearing on February 8, 2018, at 10:00 a.m. (ECF No. 54.) Robert Tauler appeared for plaintiff, and Michael Adams and Damon Mircheff appeared telephonically for defendants. After carefully considering the written briefing, the oral arguments of counsel, the court's record, and the applicable law, the court GRANTS plaintiff's motion to compel;

---

[1] Plaintiff filed a second motion to compel that included the declaration of Robert Tauler. (See ECF Nos. 41, 41-1–41-21.) The court considers the declaration and exhibits (ECF Nos. 41-1–41-21) as supporting documents for the original motion to compel (ECF No. 36). However, the second motion to compel (ECF No. 41) is redundant, and was improperly filed.

1

DENIES parties' requests for sanctions without prejudice; DENIES defendants' evidentiary objections without prejudice, and DENIES plaintiff's motion to strike as moot.

II.     BACKGROUND

    A.     <u>Complaint and First Amended Complaint</u>

On July 17, 2017, plaintiff Nutritional Distribution, LLC initiated this action against Enhanced Athlete, Inc., alleging false advertising in violation of Section 43(a)(1)(B) of the Lanham Act. (ECF No. 1.) Nutritional Distribution is a sports supplement manufacturer and marketer, whereas Enhanced Athlete is a nutritional supplement company and direct competitor. (<u>Id.</u> at 5–6.) In the original complaint, plaintiff asserted that Anthony Hughes (a.k.a. Dr. Tony Huge, a.k.a. Charles Anthony Hughes) is a founder of Enhanced Athlete. (<u>Id.</u> at 6.) Yet, plaintiff did not name Hughes as a defendant in the original complaint.

On September 13, 2017, Enhanced Athlete answered the complaint, denying plaintiff's claim of false advertising, and raising various affirmative defenses. (<u>See</u> ECF No. 6.) Subsequently, on January 8, 2018, plaintiff filed the first amended complaint, after being granted leave to amend, and named additional defendants, including Charles Anthony Hughes. (<u>See</u> ECF Nos. 33, 34.)

    B.     <u>Notice of Deposition and Motions</u>

On January 4, 2018, plaintiff served Enhanced Athlete with a deposition notice for Hughes for January 19, 2018. (<u>See</u> Declaration of Robert Tauler, Ex B, ECF No. 41-3.) On January 12, 2018, Enhanced Athlete rejected the notice of deposition. (<u>See</u> Declaration of Damon Mircheff, Ex 3, ECF No. 44-3 at 2.) The deposition did not occur.

On January 18, 2018, plaintiff filed the instant motion to compel the deposition of Hughes. (ECF No. 36.) On February 1, 2018, plaintiff filed a second motion to compel along with the declaration of plaintiff's attorney Robert Tauler, as well as numerous exhibits. (<u>See</u> ECF Nos. 41, 41-1–41-21.) Later that day, parties filed their joint statement (ECF No. 42); defendants filed declarations in opposition (ECF Nos. 43, 44.); and defendants filed evidentiary objections to the declaration of Robert Tauler (ECF No. 45). Plaintiff subsequently responded and moved to strike defendants' evidentiary objections. (ECF Nos. 49, 50.)

C. <u>Declaration of Robert Tauler</u>

All of the evidence relied on by plaintiff in support of the instant motion to compel is included in the exhibits to Robert Tauler's declaration. (<u>See</u> ECF Nos. 41-1–41-21, 42.) Below are some of the relevant statements found in the exhibits.

Through the Facebook page of "EnhancedAthlete.com", Hughes posted the mission statement of Enhanced Athlete, and claimed that he wrote it. (Declaration of Robert Tauler, Ex. D, ECF No. 41-5.) Through that same page, on September 3, 2016, Hughes wrote a diary-like post, detailing his path from lawyer to supplement manufacturing and stated that "I still reinvest all the money in the quality of product and development so that prices can remain the lowest in the industry." (Declaration of Robert Tauler, Ex. E, ECF No. 41-6.)

On Hughes' personal Facebook page, he claims that he works at "enhancedathlete.com." (Declaration of Robert Tauler, Ex. F, ECF No. 41-7.) On April 30, 2017, Hughes posted a series of photos on his page and stated, "Last day in Columbia. Set up distribution for www.EnhancedAthlete.com." (Declaration of Rober Tauler, Ex. G, ECF No. 41-8.)

Through the Instagram account "enhancedathlete", Hughes posted "Dr. Tony Huge here! ... I have been working my a\*\* off for you guys! Creating so many new supplements, researching, growing and most important answering each and every one of your guys questions [sic]." (Declaration of Robert Tauler, Ex. I, ECF No. 41-10.) Another post from "enhancedathlete" on Instagram on December 29, 2017, stated "We are coming out with a private server where there will be NO censorship as well as loading 10-15 videos a day to the Dr. Tony Huge Channel." (Declaration of Robert Tauler, Ex. Q, ECF No. 41-18.)

Instagram user "ifbbdandecker" also posted a picture of Hughes and wrote "Congrats to Dr. Tony Hughes CEO of my sponsor @enhancedathlete." (Declaration of Robert Tauler, Ex. L, ECF No. 41-13.) Instagram user "teamenhancedathlete" shared the same picture and wrote "#motivationmonday goes out to the boss man @enhancedathlete, He won the overall men's bodybuilding this weekend in Culver City 2017 Gran Prix." (Declaration of Robert Tauler, Ex. J, ECF No. 41-11.)

////

A profile of Enhanced Athlete was posted on "bodybuilderinthailand.com" an states "Enhanced Athlete . . . is a good research company . . . the owner Dr. Tony is a Lawyer in the USA and a stand up guy." (Declaration of Robert Tauler, Ex. M, ECF No. 41-14.)

In response to plaintiff's special interrogatory No. 2, defendants answered "To the extent Charles Anthony Hughes 'advertises' or 'promotes' any SARMs PRODUCTS through YouTube videos, he creates that content and controls the videos, which are publically available." (Declaration of Robert Tauler, Ex. P, ECF No. 41-17 at 5–6.)

III. DISCUSSION

Plaintiff seeks to compel Enhanced Athlete to produce Anthony Hughes for a deposition, pursuant to Federal Rule of Civil Procedure 30(b)(6). (See ECF Nos. 36, 42.) As an ancillary issue, defendants object to the exhibits included in Mr. Tauler's declaration in support of the motion, as lacking foundation and as inadmissible hearsay. (See ECF No. 45) Each party also seeks sanctions against the other. (See ECF No. 42.)

A. Legal Standards

When a corporation is a party to civil litigation, the corporation "may be noticed pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, . . . [and] the party seeking the deposition may identify a specific officer, director, or managing agent to be deposed and notice that person under Rule 30(b)(1)." United States v. Afram Lines (USA), Ltd., 159 F.R.D. 408, 413 (S.D.N.Y. 1994)

The term "managing agent" in Rule 30(b) "should not be given too literal an interpretation but rather should depend largely on whether the interests of the individual involved are identified with those of his principal and on the nature of his 'functions, responsibilities and authority . . . respecting the subject matter of the litigation.' Tomingas v. Douglas Aircraft Co., 45 F.R.D. 94, 96 (S.D.N.Y. 1968) (citing Kolb v. A. H. Bull Steamship Co., 31 F.R.D. 252, 254 (E.D.N.Y.1962).)

> The Ninth Circuit has not, apparently, had occasion to address the standards under which a corporate employee will be determined to be a "managing agent." However, courts around the country take largely consistent approaches, and consider the following factors: "(1) whether the individual is invested with general powers

4

> allowing him to exercise judgment and discretion in corporate matters; (2) whether the individual can be relied upon to give testimony, at his employer's request, in response to the demand of the examining party; (3) whether any person or persons are employed by the corporate employer in positions of higher authority than the individual designated in the area regarding which information is sought by the examination; (4) the general responsibilities of the individual respecting the matters involved in the litigation." . . . [Other factors include], whether the employee can be depended upon to carry out the employer's directions, and ... whether the individual can be expected to identify him or herself with the interests of the corporation as opposed to the interests of the opposing party."

Calderon v. Experian Info. Sols., Inc., 287 F.R.D. 629, 632 (D. Idaho 2012), aff'd, 290 F.R.D. 508 (D. Idaho 2013) (internal citations omitted); accord Louis Vuitton Malletier v. Dooney & Bourke, Inc., No. 04 CIV. 5316 RMB MHD, 2006 WL 3476735, at *15 (S.D.N.Y. Nov. 30, 2006); Boss Mfg. Co. v. Hugo Boss AG, No. 97CIV.8495(SHS)(MHD), 1999 WL 20828, at *3 (S.D.N.Y. Jan. 13, 1999); In re Honda Am. Motor Co., Inc. Dealership Relations Litig., 168 F.R.D. 535, 540–41 (D. Md. 1996); Tomingas, 45 F.R.D. at 96.

Importantly, "whichever variation of the test used, virtually all courts and commentators agree that the question of whether a particular person is a 'managing agent' is to be answered pragmatically, on an ad hoc basis, considering the facts of the particular case. Further, at least where the question is whether the deposition should occur, as opposed to whether the corporation may ultimately be bound by the employee's statements, the . . . witness's likely 'identification with the interests of the employer'—is said to be the 'paramount test.'" Calderon, 287 F.R.D. at 632 (citing cases).

> Moreover, while the burden is on the party seeking the discovery to prove that the potential witness is a managing agent of the corporation, this burden is a modest one, and at least at the discovery stage, all doubts are to be resolved in favor of the party seeking the depositions. . . . Thus, courts have concluded that if there is at least a "close question" as to the managing agent status of a potential witness, doubts should be resolved in favor of allowing the deposition, with the final determination of whether the agent has the ability to bind the corporation to be left for trial.

Calderon, 287 F.R.D. at 632–33 (internal citations omitted); accord Boss Mfg. Co., 1999 WL 20828, at *4; Sugarhill Records Ltd. v. Motown Record Corp., 105 F.R.D. 166, 171 (S.D.N.Y. 1985); Tomingas, 45 F.R.D. at 97.

B. <u>Analysis</u>

1. *Exhibits in support of the motion to compel*

According to defendants, the exhibits provided by Robert Tauler are inadmissible under the Federal Rules of evidence because they lack foundation and consist of hearsay. (<u>See</u> ECF No. 45.) At the same time, during the hearing, defendants confirmed that they do not assert that any of the exhibits were fabricated or otherwise altered by plaintiff.

Defendants' evidentiary objections are unpersuasive. The exhibits relied upon by plaintiff are screenshots of websites, such as Facebook and Instagram—public information, readily available, and not substantively disputed by defendants. (<u>See</u> ECF Nos. 41-1–41-21.) Seeing as the burden to prove whether or not someone is a managing agent is a "modest one," screenshots from websites that contain Hughes' own statements are sufficient to carry that burden. <u>See</u> <u>Calderon</u>, 287 F.R.D. at 632–33. Importantly, defendants do not assert that these screenshots are fake or manipulated in anyway, rather they attack them with technical evidentiary objections that are generally reserved for motions in limine. Moreover, as explained, when there is a close call as to whether an individual is a managing agent or not, the court may order the deposition, without answering the question of whether or not such testimony will later bind the corporation at trial. <u>See</u> <u>Calderon</u>, 287 F.R.D. at 632–33.

Therefore, the court denies defendants' evidentiary objections, insofar as they relate to the instant question of whether or not Hughes is a managing partner under Federal Rule of Civil Procedure 30(b)(6). The court does not decide any other issue regarding whether such evidence is admissible for other purposes, as such a question is not before the court.

2. *"Managing agent" under Federal Rule of Civil Procedure 30(b)(6)*

Plaintiff asserts that the exhibits detailed above "make clear that Mr. Hughes directly manages advertising of Enhanced Athlete products, which is the central issue of this dispute." (ECF No. 42 at 5.)

Defendants counter that Hughes has merely "acted as a 'brand ambassador' for Enhanced Athlete, discussing on social media his personal use of Enhanced Athlete products, and in doing so promoting Enhanced Athlete's brand and products." (<u>Id.</u> at 11.) They maintain that Hughes is

not an employee of Enhanced Athlete; they have no control over his conduct; he may unilaterally stop his role as brand ambassador at any time; and the only compensation he has received is the payment of some travel expenses in exchange for his role as brand ambassador. (See Id. at 11–14.)

However, as the exhibits detailed above demonstrate, Hughes and others have made numerous statements that would lead a third party to believe that he has a very prominent role at Enhanced Athlete. Indeed, Hughes holds himself out as working at Enhanced Athlete, and others have called him the owner, CEO, and boss man of the company. (See Declaration of Robert Tauler, Exs. F, J, L, M, ECF Nos. 41-7, 41-11, 41-13, 41-14.)

Under the general rules of agency law, "[a]gency 'can be established either by agreement between the agent and the principal, that is, a true agency [. . .], or it can be founded on ostensible authority, that is, some intentional conduct or neglect on the part of the alleged principal creating a belief in the minds of third persons that an agency exists, and a reasonable reliance thereon by such third persons.'" Goldman v. SunBridge Healthcare, LLC, 220 Cal. App. 4th 1160, 1173 (2013) (citations omitted).

Instead of disavowing the public statements that Hughes owns and runs the company, Enhanced Athlete has allowed these statements to stand, while speciously claiming before the court that Hughes is only a "brand ambassador" and not an employee or agent of Enhanced Athlete. At minimum, Hughes holds himself out as an agent of Enhanced Athlete. At maximum, Hughes created, owns, and controls the company. Defendants' acquiescence, and apparent neglect, in allowing Hughes and others to continue to refer to Hughes as the owner, CEO, and boss man of Enhanced Athlete undermines defendants' assertions that he has no role at the company. Therefore, the record supports a finding that Hughes is, at least, an ostensible agent of Enhanced Athlete, notwithstanding defendants' declarations before this court that Hughes is not an agent or employee. See Goldman, 220 Cal. App. 4th at 1173.

Moreover, "where the question is whether the deposition should occur, as opposed to whether the corporation may ultimately be bound by the employee's statements, the . . . witness's likely 'identification with the interests of the employer'—is said to be the 'paramount test.'

Calderon, 287 F.R.D. at 632 (citing cases). Based upon Hughes' own assertions, it is clear that he identifies himself with the interests of Enhanced Athlete.

Additionally, to the extent that Enhanced Athlete concedes that Hughes has any role at Enhanced Athlete, that role involves Hughes creating his own advertising content to promote the company. (See ECF No. 42 at 4.) Even this modest concession supports a finding that Hughes is a managing agent for the purposes of Federal Rule of Civil Procedure 30(b)(6), because it demonstrates that Hughes has a direct role in creating Enhanced Athlete's advertising content, the subject matter of the litigation. See Tomingas, 45 F.R.D. at 96.

Importantly, the court need not decide whether Hughes is an agent of Enhanced Athlete for all purposes, as the only question here is whether or not plaintiff may compel Hughes' deposition through Enhanced Athlete. The court finds that the record before it sufficiently demonstrates that Hughes is a managing agent for the purposes of Federal Rule of Civil Procedure 30(b)(6), and Enhanced Athlete must produce Hughes for a deposition.

At this juncture, however, the court does not decide whether Hughes is an agent of Enhanced Athlete for all purposes, or whether his statements shall bind Enhanced Athlete at trial.

3. *Sanctions*

In the joint statement regarding the motion to compel, each party argues that sanctions are appropriate against the other. (See ECF No. 42.) The court finds that these issues are premature. However, parties are advised that their meet and confer efforts here were unsatisfactory. The court expects that parties' future meet and confer efforts will be thorough and conducted with the utmost professionalism.

IV. CONCLUSION

For the forgoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel the deposition of Anthony Hughes (ECF No. 36) is GRANTED.

2. Enhanced Athlete shall produce Anthony Hughes for a deposition, within 60 days of the date of this order. Parties shall meet and confer and work together in furtherance of this order, including the date and location of that deposition (as well as in-person or

by video, etc.).

3. The court reserves judgement as to whether or not the statements of Anthony Hughes will bind Enhanced Athlete at trial.

4. The parties' requests for sanctions (ECF No. 42) are DENIED WITHOUT PREJUDICE.

5. Defendants' evidentiary objections to the declaration of Robert Tauler (ECF No. 45) are DENIED WITHOUT PREJUDICE.

6. Plaintiff's motion to strike (ECF No. 50) is DENIED AS MOOT.

7. This order also disposes of plaintiff's improperly filed and redundant motion to compel (ECF No. 41).

IT IS SO ORDERED.

Dated: February 14, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

14/17-1491.nutrition distribution.order re PL's MTC