TAULER SMITH LLP
Robert Tauler (SBN 241964)
rtauler@taulersmith.com
John L. Lin (SBN 191266)
jlin@taulersmith.com
626 Wilshire Boulevard, Suite 510
Los Angeles, California 90017
Tel: (310) 590-3927
rtauler@taulersmith.com

Attorneys for *Plaintiff*
NUTRITION DISTRIBUTION, LLC

RUTAN & TUCKER, LLP
Michael D. Adams (SBN 185835)
madams@rutan.com
Damon D. Mircheff (SBN 216257)
dmircheff@rutan.com
611 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-1931
Telephone:  714-641-5100
Facsimile:   714-546-9035

Attorneys for *Defendant*
ENHANCED ATHLETE, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUTRITION DISTRIBUTION, LLC, an Arizona limited liability company,<br><br>    Plaintiff,<br><br>vs.<br><br>ENHANCED ATHLETE, INC., a Wyoming corporation, and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. 2:17-cv-01491-TLN-KJN<br><br>**Magistrate Judge Kendall J. Newman**<br><br>**STIPULATED PROTECTIVE ORDER; ORDER**<br><br>**Action filed:       7/17/17** |

/ / /

/ / /

/ / /

/ / /

/ / /

1. **INTRODUCTION**

PURPOSES AND LIMITATIONS. Discovery in this action is likely to involve the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. In addition, plaintiff Nutrition Distribution, LLC contends that it is a competitor of defendant Enhanced Athlete, Inc. in the supplement industry. Discovery may, accordingly, involve confidential and non-public sensitive competitive business information eligible for protection under this Order, including but not limited to customer information, cost and net sales information for goods sold, and agreements with third parties containing confidentiality provisions. (See L.R. 141.1(c)(1) and (2).) Private information of the parties in this action who are individuals, the principals and employees of the entity parties, and their legal counsel, including personal address, telephone number and related information, would also be subject to protection under this protective order. In addition, because Plaintiff contends the parties are competitors, and are currently involved in multiple lawsuits, a protective order, and not just a private agreement among the parties is needed. (L.R. 141.1(c)(3).)

The parties, accordingly, stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal, and that the parties must comply with Local Rule 141 with respect to filing documents under seal.

2. **DEFINITIONS**

2.1 Action: *Nutrition Distribution, LLC v. Enhanced Athlete, Inc.*, Case No. 2:17-cv-01491-TLN-KJN (E.D. Cal.).

2.2 Challenging Party: A Party or Non-Party that challenges the designation of information or items under this Order.

2.3 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.4 <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that cannot be avoided by less restrictive means, including information on the parties respective customers, and sales, revenue, costs and expenses.

2.5 <u>Counsel</u>: Outside Counsel of Record as well as their support staff.

2.6 <u>Designating Party</u>: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.7 <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8 <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action.

2.9 <u>Non-Party</u>: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 <u>Outside Counsel of Record</u>: Attorneys who are not employees of a Party to this Action, but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, and includes support staff. Neither defendant Charles Anthony Hughes nor any attorneys at Hughes Financial Law shall be considered Outside Counsel of Record in this Action for any defendant for purposes of this Protective Order, and accordingly neither Hughes nor any

///

2824/102170-0001
11647328

1  other attorney at Hughes Financial Law may be given access to HIGHLY CONFIDENTIAL –
2  ATTORNEYS' EYES ONLY Information in this Action.

3  2.11   Party:  Any party to this Action, including all of its officers, directors, employees,
4  consultants, retained experts, and Outside Counsel of Record (and their support staffs).

5  2.12   Producing Party:  A Party or Non-Party that produces Disclosure or Discovery
6  Material in this Action.

7  2.13   Professional Vendors:  Persons or entities that provide litigation support services
8  (e.g., photocopying, videotaping, translating, preparing exhibits or demonstratives, and organizing,
9  storing, or retrieving data in any form or medium) and their employees and subcontractors.

10 2.14   Protected Material:  Any Disclosure or Discovery Material that is designated as
11 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

12 2.15   Receiving Party:  A Party that receives Disclosure or Discovery Material from a
13 Producing Party.

14 **3.    SCOPE**

15 The protections conferred by this Stipulation and Order cover not only Protected Material
16 (as defined above), but also (1) any information copied or extracted from Protected Material; (2)
17 all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,
18 conversations, or presentations by Parties or their Counsel that might reveal Protected Material.
19 Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order
20 does not govern the use of Protected Material at trial.  The parties will meet and confer before the
21 final status conference concerning the use of Protected Material at trial, including specific types of
22 Protected Material, and make a joint proposal to the Court, or, if no agreement, make separate
23 proposals to the Court concerning the use of Protected Material at trial.

24 **4.    DURATION**

25 Even after final disposition of this litigation, the confidentiality obligations imposed by this
26 Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order
27 otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims
28 and defenses in this Action, with or without prejudice; and (2) final judgment herein after the

2824/102170-0001
11647328

-4-

2:17-CV-01491
STIPULATED
PROTECTIVE ORDER

completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5. DESIGNATING PROTECTED MATERIAL

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend") or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (hereinafter the "AEO legend"), to each page that contains protected material. If only a portion or portions of the

///

material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection (as opposed to producing them to the Receiving Party without the Receiving Party first reviewing them) need not designate them for protection until after the Receiving Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the Receiving Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix either the "CONFIDENTIAL legend" or "AEO legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). If the Producing Party is a Non-Party and is asked to produce (e.g., by subpoena) the Discovery Material that contains the information of a Party (e.g., customer lists, bank account or merchant service account information, information on goods ordered and sold), and does not separately designate Discovery Material as Protected Material, then all of the Discovery Material that Non-Party produces shall be treated as Protected Material for a period of 21 days following the production to all Parties to allow the Party whose information was produced to review the Discovery Material, and to designate it as Protected Material, as appropriate.

(b) for testimony given in depositions, that the Designating Party identify the Disclosure or Discovery Material on the record before the close of the deposition. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 30 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony

2824/102170-0001
11647328

2:17-CV-01491
STIPULATED
PROTECTIVE ORDER

that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Order. Alternatively, a Designating Party may specify, at the deposition or up to 30 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a

designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's forthcoming Scheduling Order in this Action.

6.2     <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process under Local Rule 251 (Motions Dealing with Discovery Matters).  Additionally, upon either court order or agreement among the Parties, the Parties shall utilize magistrate Judge Kendall J. Newman's process for Informal Telephonic Conferences re Discovery Disputes to resolve disputes concerning the designation of Protected Material, including Judge Newman's process for meeting and conferring, with the exception of those challenges that impact the ability of the parties to de-designate protected material in advance of the trial in this matter.

6.3     <u>If the material designated is new information that has not been disclosed to the public and in the opinion the Challenging Party poses a risk to public safety, for example by disclosing that products labeled as SARMs are in fact prohormones, that Party may forego the process for Telephonic Conferences and file its challenge by filing a motion under seal with Magistrate Judge Newman on the normal three week notice schedule.</u>

6.4     The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to

the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. The parties anticipate this category will primarily consist of: (1) financial information of the litigants; (2) information on the parties' suppliers and business relationships (e.g., material suppliers, manufacturers, distribution partners), and (3) information identified as confidential by way of agreements with third parties. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this Action, and who may not reveal the contents of the CONFIDENTIAL information to anyone in their organization, or otherwise disseminate the CONFIDENTIAL information to any third party or public forum;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A to this Protective Order);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A to this Protective Order);

/ / /

/ / /

2824/102170-0001
11647328
2:17-CV-01491
STIPULATED
PROTECTIVE ORDER

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A to this Protective Order), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. The parties anticipate this category will primarily consist of (1) customer/consumer information, (2) financial arrangements with business partners (e.g., manufacturers and distributors) to the extent it contains competitive information such as negotiated pricing information, and (3) confidential product formulations(including combinations of ingredients, but not including the existence or omission or ingredients), and (4) personal information of the parties and their counsel. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A to this Protective Order) and the "Certification of Consultant" (Exhibit B to this Protective Order);

(c) the Court and its personnel;

(d) court reporters and their staff;

(e) the author or recipient of a document containing the information or a custodian who otherwise possessed or knew the information; and

(f) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

9.1 The terms of this Order are applicable to information produced by a Non-Party in

this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

  9.2  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

    (a)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    (b)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    (c)  make the information requested available for inspection by the Non-Party, if requested.

  9.3  If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 10.  <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the

terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

## 12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with the Eastern District Local Rules, including Local Rule 141 (Sealing of Documents). Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

## 13. FINAL DISPOSITION

After the final disposition of this Action, as defined in Section 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material

| | |
|---|---|
| 1 | to the Producing Party or destroy such material. As used in this subdivision, "all Protected |
| 2 | Material" includes all copies, abstracts, compilations, summaries, and any other format |
| 3 | reproducing or capturing any of the Protected Material. Whether the Protected Material is |
| 4 | returned or destroyed, the Receiving Party must submit a written certification to the Producing |
| 5 | Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that |
| 6 | (1) identifies (by category, where appropriate) all the Protected Material that was returned or |
| 7 | destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, |
| 8 | compilations, summaries or any other format reproducing or capturing any of the Protected |
| 9 | Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all |
| 10 | pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, |
| 11 | correspondence, deposition and trial exhibits, expert reports, attorney work product, and |
| 12 | consultant and expert work product, even if such materials contain Protected Material. Any such |
| 13 | archival copies that contain or constitute Protected Material remain subject to this Protective Order |
| 14 | as set forth in Section 4 (DURATION). |
| 15 | / / / |
| 16 | / / / |
| 17 | / / / |
| 18 | / / / |
| 19 | / / / |
| 20 | / / / |
| 21 | / / / |
| 22 | / / / |
| 23 | / / / |
| 24 | / / / |
| 25 | / / / |
| 26 | / / / |
| 27 | / / / |
| 28 | / / / |

**14. VIOLATIONS**

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: March 6, 2018　　　　　　　　　TAULER | SMITH LLP

By: */s/ Robert Tauler*
Robert Tauler
Attorneys for Plaintiff
NUTRITION DISTRIBUTION, LLC

Dated: March 6, 2018　　　　　　　　　RUTAN & TUCKER, LLP

By: */s/ Damon Mircheff*
Damon D. Mircheff
Attorneys for Defendants
ENHANCED ATHLETE, INC.

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED**, with the following amendments and clarifications:

1. Nothing in this order limits the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial—such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

2. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this stipulated protective order after the action is terminated.

Dated: March 9, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

# **EXHIBIT A**

# **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print full name], of _____ _____ [print full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on _____ in the case of *Nutrition Distribution, LLC v. Enhanced Athlete, Inc.*, Case No. 2:17-cv-01491-TLN-KJN (E.D. Cal.). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print full name] of _____ [print full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed:_____

Printed name: _____

Signature: _____

# EXHIBIT B

# CERTIFICATION OF CONSULTANT

I, _____ [print or type full name], of _____, am not an employee of a competitor of Nutrition Distribution, LLC ("Nutrition Distribution") or Enhanced Athlete, LLC ("Enhanced Athlete"), nor do I presently have plans to become employed by or otherwise perform work for a competitor of Nutrition Distribution or Enhanced Athlete. I understand and agree that upon reviewing "Highly Confidential – Attorneys' Eyes Only" information, I may not become employed by or otherwise perform work for a competitor of Nutrition Distribution or Enhanced Athlete, or subsidiary or affiliate of, or successor in interest to, either Nutrition Distribution or Enhanced Athlete, during the pendency of this action, including any appeals.

I state under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Signed by: _____

Type/Print Name: _____

Dated: _____