UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUTRITION DISTRIBUTION, LLC, | No. 2:17-cv-01491-TLN-KJN |
| Plaintiff, | |
| v. | ORDER |
| ENHANCED ATHLETE, LLC, et al., | |
| Defendants. | |

Presently pending before the court are defendants' motion to stay discovery for a period of four months, pending resolution of an ongoing parallel criminal investigation (ECF No. 62) and plaintiff's motion to compel further responses to discovery and request for sanctions (ECF No. 63). Parties submitted joint statements as to each motion (ECF Nos. 64, 65) and these matters came on regularly for hearing on April 5, 2018, at 10:00 a.m. Robert Tauler appeared on behalf of plaintiff and Brian Berggren appeared on behalf of defendants.

After carefully considering the briefing and the parties' oral argument, and for the reasons stated on the record at the hearing, defendants' motion to stay is denied without prejudice, and plaintiff's motion to compel is granted in part and denied in part.

RELEVANT BACKGROUND

On July 17, 2017, plaintiff Nutrition Distribution, LLC initiated this action against Enhanced Athlete, Inc., alleging false advertising in violation of Section 43(a)(1)(B) of the

1

Lanham Act. (ECF No. 1.) Plaintiff served defendants with the first set of requests for production of documents and the first set of special interrogatories, on November 13, 2017. (ECF Nos. 64-8, 64-9, Dec. of Robert Tauler, Exs. A, B.)

On December 6, 2017, the United States Food and Drug Administration, in coordination with other agencies, executed a search warrant at several Enhanced Athlete related locations, allegedly to discover and confiscate certain drugs and research chemicals. (See ECF No. 64-23, Dec. of Robert Tauler, Ex. P.) Then, on or around February 6, 2018, defendant Scott Cavell was arrested for alleged violations of the terms of his probation and supervised release. (ECF No. 64-3, Dec. of Michael Adams, Ex. B.)

Subsequently, on February 14, 2018, the court granted plaintiff's motion to compel the deposition of Anthony Hughes and ordered that the deposition take place within 60 days. (ECF No. 57.)

Thereafter, parties submitted a stipulated protective order to the court to facilitate the production of documents and supplemental responses by defendants to plaintiff's requests for production of documents and special interrogatories. (See ECF Nos. 60, 61.) On March 12, 2018, three days after the stipulated protective order was signed, defendants informed plaintiff that no further discovery would be provided, as defendants would seek a stay of discovery due to the pending criminal investigation of Mr. Cavell. (ECF No. 64-18, Dec. of Robert Tauler, Ex. K.) The pending motions ensued.

LEGAL STANDARDS

A civil litigant is not automatically entitled to a stay of civil proceedings when he is also under criminal investigation.

> The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings. "In the absence of substantial prejudice to the rights of the parties involved, [simultaneous] parallel [civil and criminal] proceedings are unobjectionable under our jurisprudence." "Nevertheless, a court may decide in its discretion to stay civil proceedings . . . 'when the interests of justice seem [ ] to require such action.' "
>
> The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made "in light of the particular circumstances and competing interests involved in the

2

> case." This means the decisionmaker should consider "the extent to which the defendant's fifth amendment rights are implicated." In addition, the decisionmaker should generally consider the following factors: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

Keating v. Office of Thrift Supervision, 45 F.3d 322, 324–25 (9th Cir. 1995) (internal citations omitted).

Importantly, "[t]he case for staying civil proceedings is 'a far weaker one' when '[n]o indictment has been returned[, and] no Fifth Amendment privilege is threatened.' " Fed. Sav. & Loan Ins. Corp. v. Molinaro, 889 F.2d 899, 903 (9th Cir. 1989). Furthermore, "[a] stay of an action is not necessary where a defendant's fifth amendment rights can be protected through less drastic means, such as asserting the privilege on a question-by-question basis . . ." Doe v. City of San Diego, No. 12-CV-689-MMA-DHB, 2012 WL 6115663, at *2 (S.D. Cal. Dec. 10, 2012).

DISCUSSION

In the instant matter, defendants have failed to demonstrate that a stay of discovery is justified, at this juncture. The facts underlying defendants' motion are too ambiguous to lead the court to conclude that any individual defendant's Fifth Amendment privilege is threatened, at this time.

First and foremost, there is no pending indictment or any indication that an indictment is imminent. Indeed, at the hearing, defense counsel admitted that Mr. Cavell was originally scheduled to have a conference with the U.S. Attorney's Office in the next couple weeks, regarding his arrest for alleged probation violations. However, Mr. Cavell has stipulated to postpone that conference until approximately May 1, 2018.

Additionally, defendants have failed to sufficiently demonstrate that the pending investigation overlaps with the instant civil action. At this point, Mr. Cavell knows that he is under investigation for alleged violations of the terms of his probation and supervised release. It is possible that this criminal investigation could be resolved without any criminal charges beyond

the alleged violations of probation, or even without any criminal charges whatsoever. This means that the investigation could feasibly resolve without overlapping with this current civil action. Additionally, defendants concede they have no idea when the investigation might be concluded, whether it might result in an indictment, and if any indictment is returned, how long criminal proceedings might last.

As such, defendants have failed to justify a stay of discovery, obviating their reasoning for not producing documents and supplemental responses to plaintiff's requests and interrogatories. However, the court is not unsympathetic that complying with discovery while under criminal investigation places defendants in a difficult position that may require challenging and unappealing strategic decisions. Nothing in this order shall prevent any defendant or witness from properly invoking his or her Fifth Amendment rights on a question-by-question basis.

Nonetheless, the court notes that it appears as if defendants may have sought this unsupported stay, as part of larger effort to stall and delay these proceedings. Indeed, at the hearing, defense counsel admitted that defendants were likely to seek an extension of the four month stay, in the future, if it were granted at this time. Moreover, toward the end of the hearing, defendants also requested a 30-day extension of time to complete the deposition of Anthony Hughes, which the court had previously ordered to take place by April 16, 2018. (See ECF No. 57.) However, defendants were unable to demonstrate that they have made sufficient efforts to schedule this deposition.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants motion to stay discovery (ECF No. 62) is DENIED without prejudice.
2. Plaintiff's motion to compel further responses to discovery and request for sanctions (ECF No. 63) is GRANTED IN PART AND DENIED IN PART, on the terms outlined in this order.
3. Within 14 days of this order, defendants shall produce documents and supplemental responses to plaintiff's first set of requests for production of documents and first set of special interrogatories.
4. Defendants shall produce Anthony Hughes for a deposition by May 1, 2018. By noon

on April 10, 2018, defendants shall reach out to Robert Tauler and set the date, time, and location where the deposition of Mr. Hughes will take place. The deposition will take place in person, unless Mr. Tauler decides that he will take the deposition via video conference.

5. Defendants' failure to schedule the deposition or produce Mr. Hughes, as outlined in this order, may result in sanctions against defendants and/or defense counsel.

6. The parties are encouraged to utilize the undersigned's procedure for informal telephonic conferences, regarding any discovery disputes that may arise related to this order. See http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/5046/

IT IS SO ORDERED.

Dated: April 9, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

14/17-1491.nutrition.order stay and mtc

5