UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUTRITION DISTRIBUTION, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ENHANCED ATHLETE, INC.; SCOTTS SUPPLEMENTS, LLC; SCOTT E. CAVELL; CHARLES ANTHONY HUGHES; ENHANCED RX; ENHANCED CHEMICALS,<br><br>Defendants. | No. 2:17-cv-01491-TLN-KJN<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT** |

This matter is before the Court on Plaintiff Nutrition Distribution, LLC's Motion for Leave to Amend First Amended Complaint. (ECF No. 72.) Defendants Enhanced Athlete, Inc.; Scotts Supplements, LLC; Scott E. Cavell; Charles Anthony Hughes; Enhanced RX; and Enhanced Chemicals (collectively, "Defendants") express no opposition to the motion. (ECF No. 78.) For the reasons set forth below, the Court GRANTS Plaintiff's request for leave to file a Second Amended Complaint (ECF No. 72).

///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed a First Amended Complaint on January 8, 2018, bringing a single cause of action for false advertising pursuant to section 43 of the Lanham Act, codified at 15 U.S.C. § 1125. (ECF No. 34.) On January 22, 2018, Defendant Enhanced Athlete, Inc. filed a motion to dismiss the First Amended Complaint (ECF No. 37), as well as a Motion to Strike Allegations on and Prayer For Injunctive Relief (ECF No. 38).

Following a series of discovery disputes (*see, e.g.*, ECF No. 41; ECF No. 63), Plaintiff filed the instant motion on April 26, 2018 (ECF No. 72). Plaintiff's motion requests leave of the Court to file a Second Amended Complaint naming BHG Fit and AndroSARMs as defendants. (ECF No. 72 at 2.) On May 31, 2018, Defendant Enhanced Athlete, Inc. filed a Statement of Non-Opposition to Plaintiff's Motion to File Second Amended Complaint (ECF No. 78).

## II. STANDARD OF LAW

Granting or denying leave to amend a complaint rests in the sound discretion of the district court. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996) (citing *Rhoden v. United States*, 55 F.3d 428, 432 (9th Cir. 1995)). It is well established that "a party may amend its pleading only with the opposing party's written consent or the court's leave," and the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

"Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (alteration in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). When weighing these factors to determine whether to grant leave to amend, a district court must draw "all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)).

Indeed, "[a]bsent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence*

*Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam) (citing *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 245 (5th Cir. 1997)). The Ninth Circuit has "repeatedly stressed that the court must remain guided by 'the underlying purpose of Rule 15 . . . to facilitate decision on the merits, rather than on the pleadings or technicalities.'" *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (ellipsis in original) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)); *see also Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (stating that granting leave to amend represents a policy that "is to be applied with extreme liberality").

### III. ANALYSIS

#### A. Bad Faith

A motion to amend is made in bad faith where there is "evidence in the record which would indicate a wrongful motive" on the part of the litigant requesting leave to amend. *DCD Programs*, 833 F.2d at 187; *see also Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 651 (W.D. Wash. 2015) ("In the context of a motion for leave to amend, 'bad faith' means acting with intent to deceive, harass, mislead, delay, or disrupt." (citing *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006))). For instance, courts have found bad faith where leave to amend was sought as a ploy to destroy a federal district court's diversity jurisdiction, *see Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987), or where the same claims for which leave to amend was sought had recently been denied in a related action, *see Bonin v. Vasquez*, 807 F. Supp. 586, 587 (C.D. Cal. 1992).

Here, Defendants have declined to bring to the Court's attention any evidence of bad faith on Plaintiff's part. (*See* ECF No. 78.) Accordingly, this factor weighs in favor of granting leave to amend. *See Eminence Capital*, 316 F.3d at 1052 (holding that, absent a "strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend").

#### B. Undue Delay

In evaluating undue delay, the Court inquires "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading."

*AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (quoting *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990)). "Undue delay by itself . . . is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). Indeed, denying leave to amend is reversible error "where the district court d[oes] not provide a contemporaneous specific finding of prejudice to the opposing party, bad faith by the moving party, or futility of the amendment." *Id.*

Here, Defendants have declined to bring to the Court's attention any evidence of undue delay on Plaintiff's part. (*See* ECF No. 78; ECF No. 72 at 6 (stating that Plaintiff discovered the existence of the defendants it wishes to add only six days prior to requesting leave to amend).) Accordingly, this factor weighs in favor of granting leave to amend. *See Eminence Capital*, 316 F.3d at 1052.

### C. Prejudice

Prejudice is the factor that weighs most heavily in the Court's analysis of whether to grant leave to amend. *Eminence Capital*, 316 F.3d at 1052. "Prejudice results when an amendment would unnecessarily increase costs or would diminish the opposing party's ability to respond to the amended pleading." *BNSF Ry. Co. v. San Joaquin Valley R.R. Co.*, No. 1:08-CV-01086-AWI, 2011 WL 3328398, at *2 (E.D. Cal. Aug. 2, 2011) (citing *Morongo Band of Mission Indians*, 893 F.2d at 1079). Courts have found proposed amendments prejudicial where leave to amend is requested as a relevant discovery deadline nears or has already passed. *E.g.*, *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) ("The additional causes of action [in the proposed amended complaint] would have required further discovery, which was to close five days after the motion to amend was filed."); *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint."). Prejudice to the non-moving party can also exist where leave to amend is requested shortly before trial. *Singh v. City of Oakland, Cal.*, 295 F. App'x 118, 122 (9th Cir. 2008) (finding no abuse of discretion in denial by district court of plaintiff's request to file Third Amended Complaint one month before trial).

Here, Defendants have declined to bring to the Court's attention any evidence of undue prejudice that would befall them if leave to amend is granted. (*See* ECF No. 78.) While discovery has begun (*see, e.g.*, ECF No. 89; ECF No. 92; ECF No. 97), there is no evidence that Plaintiff's request to add two new defendants is calculated to gain an unfair advantage related to the timeline of discovery, *see Zivkovic*, 302 F.3d at 1087 (holding that district court did not abuse its discretion in denying leave to amend five days prior to close of discovery). Accordingly, this factor weighs in favor of granting leave to amend. *See Eminence Capital*, 316 F.3d at 1052.

          D.        <u>Futility</u>

A proposed amendment is futile where "the pleading could not possibly be cured by the allegation of other facts." *Watison v. Carter*, 668 F.3d 1108, 1117 (9th Cir. 2012) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Here, Defendants raise no argument that the proposed Second Amended Complaint is legally or factually insufficient to state a cause of action for relief under the Lanham Act. (*See* ECF No. 78.) Nor do Defendants attack the First Amended Complaint as a "pleading [that] could not possibly be cured by the allegation of other facts" to support its Lanham Act claim. *Watison*, 668 F.3d at 1117. Indeed, Defendant Enhanced Athlete, Inc.'s motion to dismiss the First Amended Complaint focuses its fire on that pleading's insufficient specificity rather than on any supposedly incurable substantive problem. (*See* ECF No. 37 at 2 (arguing that the First Amended Complaint should be dismissed because it "fail[s] to state with the required particularity which defendants made the alleged false advertising statements, or when, how or through what means the 'defendants' made the false statements").) Accordingly, this factor weighs in favor of granting leave to amend. *See Eminence Capital*, 316 F.3d at 1052.

///
///
///
///
///
///

## IV. CONCLUSION

For the reasons set forth above, and because Defendants raise no opposition to granting Plaintiff's request for leave to amend (*see* ECF No. 78), Plaintiff's Motion for Leave to Amend First Amended Complaint (ECF No. 72) is GRANTED. Accordingly, Defendant Enhanced Athlete, Inc.'s motion to dismiss (ECF No. 37) and motion to strike (ECF No. 38) are DENIED as moot.

IT IS SO ORDERED.

Dated: March 28, 2019

Troy L. Nunley
United States District Judge